JESSE A.P. BAKER (BN 8411)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant
Nationstar Mortgage LLC d/b/a Mr. Cooper

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO - POCATELLO DIVISION

| | |
|---|---|
| In re<br><br>SEAN PATRICK TRAVIS,<br><br>Debtor. | No. 17-40753-JDP<br><br>Chapter 7 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

Nationstar Mortgage LLC d/b/a Mr. Cooper[1] ("Movant") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to the real property located at 3518 Timber Heights Rd, Island Park, Idaho 83429 (the "Property"). This motion is supported by the memorandum of points and authorities cited herein, and the record currently before the court.

### I.    FACTUAL AND PROCEDURAL SUMMARY

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

On or about January 15, 2013, Sean Patrick Travis ("Debtor") executed a promissory note in the principal sum of $108,304.00 (the "Note"), which was made payable to . A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

The Note is secured by a recorded Deed of Trust (the "Deed of Trust") encumbering the Property.[2] A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

Movant currently holds possession and/or is in control of the Note, which is indorsed and payable in blank.

The Deed of Trust was assigned to Movant. A copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

On August 25, 2017, Debtor commenced the instant case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

Debtor is in default of his obligations under the Note for failure to make payments due and owing to Movant as of July 1, 2017.

As of September 14, 2017, the arrearage owed under the Note is $2,044.00. An additional payment will come due on October 1, 2017, and on the 1st day of each month thereafter until the Loan is paid in full.

As of September 14, 2017, the estimated payoff owing under the Note is the approximate sum of $93,468.44.[3]

## II.    LEGAL ARGUMENT

### A.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2).

Section 362(d)(2) provides, in pertinent part:

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Loan."

[3] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

        (1) with respect to a stay of an act against property under subsection (a) of this section, if –

            (A) the debtor does not have an equity in such property; and

            (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1)*. *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added). Since a Chapter 7 case does not contemplate reorganization, the sole issue before the court when stay relief is sought under Section 362(d)(2) is whether the debtor has equity in the property. *See e.g., Nev. Nt'l Bank v. Casbul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (9th Cir. BAP 1981).

    Movant is informed and believes, based on the Debtor's sworn bankruptcy schedules, that the fair market value of the Property is approximately $154,000.00. Copies of the Debtor's Schedules "A" and "D" are collectively attached hereto as **Exhibit D** and incorporated herein by reference.

Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtor's and/or the estate's equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $154,000.00 |
| Less: | |
|    Movant's Trust Deed | $93,468.44 |
|    Citimortgage Inc's 2nd deed | $19,172.00 |
|    Costs of Sale (8%) | $12,320.00 |
| Equity in the Property: | $29,039.56 |

Since there is little to no equity in the Property for the benefit of the bankruptcy estate and this is a Chapter 7 proceeding with no reorganization in prospect, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

**B.  MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1).**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> > (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, Debtor has failed to tender periodic cash payments due and owing to Movant under the Note. Moreover, Movant's interest in the Property is not protected by an adequate equity cushion. Based upon the foregoing, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief

from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### III.   CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1.   Terminating the automatic stay of 11 U.S.C. 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2.   Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3.   Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without further order of the court;

4.   Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law; and

5.   Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: September 21, 2017        /s/ *Jesse A.P. Baker*
JESSE A.P. BAKER
Attorneys for Movant Nationstar Mortgage LLC d/b/a Mr. Cooper

JESSE A.P. BAKER (BN 8411)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for  Movant
Nationstar Mortgage LLC d/b/a Mr. Cooper

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO - POCATELLO DIVISION

| In re | Case No. 17-40753-JDP |
|---|---|
| SEAN PATRICK TRAVIS, | Chapter 7 |
| Debtor. | |

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that Nationstar Mortgage LLC d/b/a Mr. Cooper ("Movant"), a creditor in the above-captioned matter, has moved the Court for an order terminating the automatic stay against certain real property of the estate (the "Motion") so that Movant may enforce its state court foreclosure remedies against said property.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 11 U.S.C. § 362 and Local Bankruptcy Rule 4001.2, any party in interest objecting to the Motion must file a written objection stating the grounds for the objection.  The objection must reasonably identify those matters contained in the Motion that are at issue, and any other basis for opposition to the Motion.  Any objection, to be effective, must be filed with the Court not later than 17 days from the date of service of this Notice, by sending the same to the Clerk of the Court, United States Bankruptcy Court, District of Idaho - Pocatello Division, 801 East Sherman Street, Pocatello, ID 83201, to Jesse A.P.

Baker, 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933, as attorney for Movant, and upon all other parties receiving service of this Motion.  Absent the filing of a timely response, the Court may grant the relief sought without a hearing, unless the Court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing on the Motion for Relief.  A party opposing the Motion shall contact the court's calendar clerk to schedule a preliminary hearing.  At the time of filing the objection to the motion, the objecting party shall file and serve a notice of such hearing.

In addition, pursuant to Local Bankruptcy Rule 4001.2 (g) and 11 U.S.C. § 362(e), 30 days after a request under 11 U.S.C. § 362(d) for relief from the stay of any act against property of the estate under 11 U.S.C. § 362(a), such stay is terminated with respect to the party in interest making such request, unless the Court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

ALDRIDGE PITE, LLP

Dated: September 29, 2017        /s/ *Jesse A.P. Baker*
JESSE A.P. BAKER
Attorneys for Movant Nationstar Mortgage LLC d/b/a Mr. Cooper

JESSE A.P. BAKER (SBN 8411)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for  Movant
Nationstar Mortgage LLC d/b/a Mr. Cooper

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO - POCATELLO DIVISION

| In re | Case No. 17-40753-JDP |
|---|---|
| SEAN PATRICK TRAVIS, | Chapter 7 |
| Debtor. | **CERTIFICATE OF SERVICE BY MAIL** |

    I am over the age of 18 and not a party to this proceeding.  My business address is 4375 Jutland Drive, Suite 200, P.O. Box 17933, San Diego, CA 92177-0933.

    On September 29, 2017, I caused the MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY, and REQUEST FOR SPECIAL NOTICE to be served on the parties listed herein by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows:

SEE ATTACHED SERVICE LIST

    I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 29, 2017            /s/ Karla Reyez

## SERVICE LIST

**DEBTOR**

Sean Patrick Travis
PO Box 411
Island Park, ID 83429

**DEBTOR(S) ATTORNEY**

Ryan E Farnsworth
Avery Law
770 South Woodruff Avenue
Idaho Falls, ID 83401
ryan@averylaw.net

**CHAPTER 7 TRUSTEE**

R Sam Hopkins
POB 3014
Pocatello, ID 83206
AWilliams32@cableone.net

**U.S. TRUSTEE**

U.S. Trustee
Department of Justice
Washington Group Central Plaza
720 Park Blvd, Ste 220
Boise, ID 83712
ustp.region18.bs.ecf@usdoj.gov

**OTHER LIENHOLDER(S)**

Citimortgage Inc.
Attn: Bankruptcy
PO Box 6423
Sioux Falls, SD 57117